FILED

AUG 2 3 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 1:95-CR-5111 OWW |
| ) | |
| ) | MEMORANDUM DECISION AND |
| Respondent, ) | ORDER RE: PETITION TO ORDER |
| ) | SENTENCE TO RUN CONCURRENT |
| v. ) | WITH STATE SENTENCE AND |
| ) | MOTION FOR NUNC PRO TUNC |
| MICHAEL D. WHITFIELD ) | ORDER |
| ) | |
| ) | |
| Petitioner. ) | |
| ) | |

## I. INTRODUCTION

Michael D. Whitfield ("Petitioner"), a federal prisoner proceeding pro se, petitions for reconsideration of his 162 month prison sentence, specifically that it may run concurrent with, rather than consecutive to, a sentence imposed by the State of California. Doc. 539, filed May 3, 2004 ("2255 Motion"). The United States ("Government") opposes this petition. Doc. 545, filed Sep. 17, 2004 ("Response").

## II. BACKGROUND

On March 4, 1996, Petitioner pled guilty to four counts of interference with interstate commerce by violence and two counts of use of a firearm in connection with a crime of violence. Doc.

1

156, Memo. of Plea Agreement ("Plea"); Doc. 160, Sentence Hearing for Michael Dion Whitfield, Feb. 26, 1996.  On June 10, 1996 Petitioner was initially sentenced to a term of 437 months imprisonment based on Petitioner's guilty pleas under the then-applicable U.S. Sentencing Guidelines.  Doc. 227, Judgement and Commitment, Jun. 13, 1996.  In exchange for Petitioner's substantial assistance, the Government recommended a downward sentencing departure, the most recent of which was granted on May 8, 2001, reducing Petitioner's sentence to 162 months.  Doc. 515, Judgement and Commitment, May 11, 2001.  Two of Petitioner's co-defendants, Michael Eugene Steward and Larry Daniel Harris, received significantly longer sentences of 597 and 1141 months, respectively.  Doc. 256, Sentencing Hearing for Michael Eugene Steward, Sep. 5, 1996; Doc. 257, Sentencing Hearing for Larry Daniel Harris, Sep. 5 1996.

Petitioner has not directly appealed his conviction or sentence, as his plea agreement contains an appeal waiver.[1]  Plea at 3.  On April 20, 2004, Petitioner sent a letter to the district court, describing criminal proceedings brought against him by the state of California at essentially the same time as his trial in the district court.  2255 Motion.  According to the Government's response, Petitioner was convicted in the Superior Court of California for the County of Fresno ("State Court") on April 26, 1995, for knowingly receiving stolen property.  Response at 4.  The State court imposed a prison sentence of

---

[1] Petitioner agreed to waive his rights to "appeal or collaterally attack any issue in this matter, including...any sentence imposed by the court."  Plea at 3.

2

sixteen months.[2]  2255 Motion.  Petitioner served three days of his state sentence in state prison before being returned to federal custody.  *Id.*  He is now serving his federal sentence in the Oakdale, Louisiana, Federal Correctional Institution. Petitioner requests reconsideration of his federal sentence in order that it may run concurrent with, rather than consecutive to, his state sentence.  2255 Motion.

On April 26, 2004, the district court, construing Petitioner's April 20, 2004 letter as a petition for habeas corpus, ordered the Government to respond.  The Government asserts in response that Petitioner had stated no grounds on which the Court could grant his petition.  Response at 3-5.

The petitioner then filed a "Motion for Nunc Pro Tunc Order," asserting that the judge who sentenced him in state court intended that the state sentence "was to run concurrent with any other sentence to be served."  Doc. 547, Pet.'s Mot. for Nunc Pro Tunc Order.  The Government has not opposed or otherwise responded to the filed "Nunc Pro Tunc" motion.

### III. ANALYSIS

**A.  Legal Framework.**

Absent any waiver, a criminal defendant may challenge his sentence in a number of ways.  For example, Federal Rule of

---

[2] The Government assumes that Petitioner was convicted and sentenced in State court on the same day (April 26, 1995). Response at 4.  However, the exact date of sentencing is nowhere specified in the submissions currently before the Court and normally sentencing is held after the date of conviction, not the same date.

3

Criminal Procedure 35(a) provides that "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The court may act upon a party's motion or sua sponte, but must do so within the seven day window. *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997). After seven days has passed, the district court loses jurisdiction under Rule 35 to alter the sentence. *See United States v. Penna*, 319 F.3d 509, 510 (9th Cir. 2003).

Alternatively, a criminal defendant may challenge his sentence under 28 U.S.C. § 2255, by claiming "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *Id*.

**B. Petitioner waived his rights to appeal or collaterally attack his sentence.**

Petitioner's plea-bargain agreement was signed on February 12, 1996 by him, his attorney, Dana Anderson, and by Assistant United States Attorney William Shipley. Plea at 11. The agreement contains waiver language that states in relevant part:

> 2. <u>Agreements by Defendant</u>.
>
> (e) The defendant understands and agrees that the Court is not a party to this agreement, and is not bound by the sentence recommendations of the government. <u>Should the Court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw his plea, although the defendant will be free to appeal any sentence imposed by the court</u>.
>
> (f) The defendant agrees to <u>waive his right to</u>

4

<u>appeal or collaterally attack any issue in this matter</u>, including substantive issues relating to the charges against him, his decision to enter into this agreement, the decision by the district court to accept his guilty plea, and any sentence imposed by the court.

6. <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty he surrenders certain rights, including the following: (a) ...the right to a public and speedy trial....

Plea at ¶¶ 2, 6 (emphasis added). On the one hand, Petitioner waived all appeal and collateral attack rights. *Id.* at ¶ 2(f). On the other hand, he retained the right to appeal his sentence if the court did not follow the government's sentencing recommendation. *Id.* at ¶ 2(e). Although these provisions are not facially consistent, such conflict need not be resolved here because the language permitting Petitioner to appeal his sentence if the Court "fail[ed] to follow any or all of the government's sentencing recommendation...." is not triggered. *Id.* at ¶ 2(f). In this case, the sentence imposed was in accord with the government's recommendation. Doc. 227, Judgement and Commitment, Jun. 13, 1996; Plea at ¶ 3; *see United States v. Michlin*, 34 F.3d 896, 898-901 (9th Cir. 1994) (finding valid and enforceable a waiver that contained an exception for sentences imposed outside the guideline range, rejecting defendant's argument that the guidelines calculation was incorrect).

"[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." *United States v. DeSantiago-Martinez*, 38 F.3d 394, 395 (9th Cir. 1992). "[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary

5

is sufficient." *Id.* at 395.  Defendant bears the burden of showing that the waiver was not knowing and voluntary. *Michlin*, 34 F.3d at 898.  Petitioner has not argued that his waiver was involuntary or uninformed.

**C. Statute of Limitations.**

The petition is also barred by the statute of limitations. A defendant claiming relief under § 2255 after April 24, 1996, must comply with the one year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The statute of limitations begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Supreme Court has ruled that a judgment is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).  Furthermore, a motion under Rule 35(b) does not "prevent a conviction from becoming final for § 2255 purposes." *United States v. Schwartz*,

1  274 F.3d 1220, 1224 (9th Cir. 2001).

2  Because Petitioner did not appeal his sentence, his
3  conviction became final on June 24, 1996, ten days after the
4  court entered judgment. The one year statute of limitations in
5  his case initially expired on June 24, 1997. However,
6  Petitioner's judgment and commitment was amended on May 8, 2001.
7  Accordingly, the one-year limitations period expired on May 22,
8  2002. Petitioner neither requested nor received an extension of
9  time. Petitioner's April 20, 2004 letter, treated as a petition
10 for habeas corpus, filed almost two-years too late, is time-
11 barred.

12

13  **D.  The State Sentence Was Not Raised at Sentencing, Nor
        Has Petitioner Alleged That His Counsel Was Deficient
14      In Failing To Do So.**

15  United States Sentencing Guideline § 5G1.3(c) permits the
16 sentencing court to run a federal sentence "concurrently,
17 partially concurrently, or consecutively to the prior
18 undischarged term of imprisonment to achieve a reasonable
19 punishment for the instant offense." Under applicable Ninth
20 Circuit precedent, a district court can commit plain error if it
21 fails to address U.S.S.G. § 5G1.3(c) (i.e., the issue of whether
22 the federal sentence is to run concurrent or consecutive with a
23 prior state sentence). *United States v. Chea*, 231 F.3d 531 (9th
24 Cir. 2000). But, nothing in the record indicates that the
25 pending state sentence was brought to the attention of the
26 district court at the time of federal sentencing nor is there any
27 indication that the parties reached any form of agreement as to
28 whether the federal sentence should have been reduced to account

for the pending state sentence.

A defense counsel's failure to bring Petitioner's state sentence to the attention of the sentencing court could constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). In the instant case, however, Petitioner has never alleged ineffective assistance of counsel. But, even if Petitioner had raised an ineffective assistance claim, that claim would be time-barred as well, given that Petitioner would have been aware of the facts and circumstances giving rise to any such ineffective assistance claim at the time judgment was entered.

### E. The Equities Do Not Favor Further Reduction.

Finally, because Petitioner was a cooperating witness and testified against co-defendants, his sentence was already substantially reduced from 437 months to 162 months. The state charge is a separate crime, receiving stolen property and was not ever raised during Petitioner's proceedings in the District Court. Raising the issue eight years after his initial sentencing in District Court amounts to unreasonable delay.

### F. Lack of Jurisdiction To Alter State Sentence.

A federal court has no authority to correct a state judge's sentence for a separate state criminal conviction, unless that sentence violates the Eighth Amendment or due process. *Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987); *Solem v. Helm*, 463 U.S. 277, 303, (1983); *Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990). If the state court intended that Petitioner's

state sentence should be run concurrently with his federal sentence, Petitioner must address that matter to the state court. Petitioner did not raise any issue of his state sentence on a separate charge in the District Court.

### IV. CONCLUSION

Petitioner was a cooperating witness who testified against co-defendants whose sentences ranged from thirty to one hundred years for a string of armed robberies of restaurants and a hotel. Petitioner's sentence has already been reduced by more than one-half for his substantial cooperation.

Petitioner's request to have his federal sentence run concurrent with his state sentence, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2255, is **DENIED**.

SO ORDERED.

DATED: August 22, 2006

_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE